DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| FLAGSTAR BANK, FSB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2011-090 |
| ) | |
| CHARLES E. HAYNES, JR. and ) | |
| THELMA BATTISTE, ) | |
| ) | |
| Defendants. ) | |

**Attorneys:**
**A. Jennings Stone, Esq.,**
St. Thomas, U.S.V.I.
    *For Plaintiff*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on the "Motion for Default Judgment" (Dkt. No. 11), and the "Amended Motion for Default Judgment" (the "Amended Motion") (Dkt. No. 22), filed by Plaintiff Flagstar Bank, FSB ("Flagstar") against Defendants Charles E. Haynes, Jr. ("Haynes") and Thelma Battiste ("Battiste"). For the reasons discussed below, the Court will grant Flagstar's Amended Motion and deny the initial Motion for Default Judgment as moot.[1]

---

[1] In its Amended Motion, Flagstar amended and renewed its Motion for Default Judgment, relying on both its Memorandum of Law (Dkt. No. 12), as supplemented at the Court's direction by the Affidavit of Indebtedness (Dkt. No. 20), and the Declaration of Counsel (Dkt. No. 13). Flagstar attached to its Amended Motion a Revised Proposed Default Judgment (Dkt. No. 22-1), which updated the damages figures submitted in its initial Proposed Default Judgment (Dkt. No. 11-1). The Court considers all of these documents as part of the Amended Motion, which incorporates and supersedes the original Motion for Default Judgment.

## BACKGROUND

On September 13, 2011, Flagstar filed a Complaint against Defendants Haynes and Battiste, alleging causes of action for debt against Haynes and foreclosure of real property mortgage against Haynes and Battiste. Flagstar asserts that Haynes defaulted on a Promissory Note and that Haynes and Battiste defaulted on a First Priority Mortgage regarding certain property ("the Property") described as:

> Plot No. 8-M Estate Clifton Hill, King Quarter, St. Croix, U.S. Virgin Islands, consisting of 0.232 U.S. acre, more or less, as more fully shown on O.L.G. Drawing No. 3150 dated August 22, 1973.

(Compl. ¶ 6, Dkt. No. 1). The Complaint alleges that, on August 16, 2010, Haynes executed and delivered to Flagstar a promissory note (the "Note"), obligating himself to pay the principal amount of $95,000.00, together with interest at a rate of 5.00% per annum, in consecutive monthly installments of $509.98 beginning on October 1, 2010. *Id.* ¶¶ 7-8. To secure payment on the Note, Haynes and Battiste granted to Flagstar and Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Flagstar and its successors and assigns, a first priority mortgage over the Property, dated August 16, 2010 (the "Mortgage"), which provided that Haynes and Battiste would pay to Flagstar the payments due under the Note. *Id.* ¶¶ 9-10.

The Complaint further alleges that, on or about May 1, 2011, Haynes defaulted under the terms and conditions of the Note, and Haynes and Battiste defaulted under the terms and conditions of the Mortgage in that monthly installments of principal and interest became due and were not paid; that Flagstar gave notice of default to Haynes by correspondence dated June 18, 2011, advising him that failure to cure the default would result in acceleration of the debt and foreclosure of the mortgage lien; and that, as of the date of the Complaint, the default had not

been cured. *Id.* ¶¶ 11-14. On August 16, 2011, MERS, for itself and as nominee for Flagstar, assigned its entire interest in the Property to Flagstar (the "MERS Assignment"). *Id.* ¶ 17.

As to the debt cause of action, the Complaint provides that Haynes owed Flagstar the sum of $94,190.92 in unpaid principal balance, plus accrued interest from April 1, 2011 to August 9, 2011 in the amount of $1,673.04, which continued to accrue at the rate of $12.90 per diem; assessed fees in the amount of $30.00; late charges in the amount of $102.00; escrow overdraft in the amount of $600.29; overdrawn unapplied funds in the amount of $30.00; and a total amount due of $96,626.25. *Id.* ¶ 20. Flagstar further asserts that, under the terms of the Mortgage, it is entitled to be reimbursed for any insurance premiums, taxes, or other charges that it pays with regard to the Property, and that under the terms of the Note and Mortgage, it is entitled to be reimbursed for reasonable attorney's fees and other expenses it incurs to enforce payment of the Note or incidental to foreclosure of the Property. *Id.* ¶¶ 22, 23.

With regard to the foreclosure cause of action, the Complaint provides that Flagstar possesses the Note and holds the Mortgage, allowing it to maintain the foreclosure action; that Haynes and Battiste are in default under the terms and conditions of the Note and Mortgage; and that Flagstar is entitled to foreclose its lien on the Property, sell the Property to satisfy the Note, and recover any deficiency from Haynes. *Id.* ¶¶ 26-28.

Haynes and Battiste were served with a copy of the Summons and Complaint on September 28, 2011. (Dkt. Nos. 5, 6). They have neither answered the Complaint nor appeared in this action. On January 6, 2012, Flagstar filed an application for Entry of Default against Haynes and Battiste. (Dkt. No. 8). The Clerk of the Court entered default against Haynes and Battiste on January 9, 2012.  (Dkt. No. 10).

On May 17, 2012, Flagstar filed the instant Motion for Default Judgment (the "Motion") (Dkt. No. 11), along with a Memorandum in Support (Dkt. No. 12), and a Declaration of Counsel in Support of Motion for Default Judgment. (Dkt. No. 13). In this Motion, Flagstar seeks a default judgment for debt against Haynes for the entire amount due under the Note, plus expenses, interest, and attorney's fees, and foreclosure against Haynes and Battiste.

Flagstar argues that the procedural elements for default judgment have been satisfied because Haynes and Battiste were properly served with copies of the Summons and Complaint; the Clerk entered default against them; and they are not infants, incompetent persons, nor in the military service. (Dkt. No. 12 at 3-4). Flagstar further contends that the pleadings in this action provide a sufficient basis for entry of default judgment on the merits of its claims, as the documentation shows Haynes executed the Note, and Haynes and Battiste executed the Mortgage; Flagstar has possession of the original Note and is holder of the Mortgage; Haynes defaulted under the terms of the Note, and Haynes and Battiste defaulted under the terms of the Mortgage; Flagstar gave Haynes notice of the default and he failed to cure the default; and Flagstar elected to accelerate the amounts due and owing upon default and foreclose on the Property. *Id.* at 4. In addition, Flagstar asserts that it has demonstrated its entitlement to default judgment under the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). *Id.* at 5-8. Flagstar further asserts that it is entitled to an award of costs and attorney's fees incurred in the prosecution of this action. *Id.* at 8.

In support of the Motion, Plaintiff filed a Declaration of Counsel, in which A. Jennings Stone, Esq. averred that his office investigated whether Haynes and Battiste were in the military service by conducting searches on the Department of Defense Manpower Data Center website on May 17, 2012. Based on those searches, he determined that Haynes and Battiste were not in the

military service as defined in the Servicemember's Civil Relief Act of 2003, 50 App. U.S.C. § 521. (Dkt. No. 13, ¶¶ 4-7, Dkt. No. 13-1). Attorney Stone also declared that, "upon information and belief after reasonable inquiry, I am informed and do believe that Haynes and Battiste are neither minors nor incompetents." *Id.* ¶¶ 8-10.

On March 15, 2013, the Court ordered Flagstar to submit appropriate supporting documentation in the form of an Affidavit or Declaration of Indebtedness to explain with specificity how the late charges were computed; the relationship between the late charges sought in the Complaint and in the Motion for Default Judgment; and what comprised the $600.29 in escrow advances. (Dkt. No. 14). In view of the request for attorney's fees and costs, the Court also ordered Flagstar to file an Affidavit in Support of Costs and Attorney's Fees. *Id.*

On April 30, 2013, Flagstar filed a "Response to Court Order of March 15, 2013," in which it stated that it would not seek an award of costs and attorney's fees as part of its Motion for Default Judgment, but would file a motion for such an award when the Court enters judgment in the matter. (Dkt. No. 19 ¶ 1). Flagstar also filed an Affidavit of Indebtedness, signed by Andrea Bilek, a Flagstar Foreclosure Analyst, which explains how the Bank's document management system maintains records of debit and credit transactions related to the Mortgage and original Note. (Dkt. No. 20 ¶¶ 2-8). The Affidavit updates the amounts due and owing Flagstar through March 25, 2013, as follows: $94,190.92 in unpaid principal balance; interest of $9,336.25 from April 1, 2011 through March 25, 2013; escrow advances totaling $3,091.61, comprised of $2,605.21 in hazard insurance and $486.40 in property taxes; and a combined total of $106,618.78. *Id.* ¶ 10. The Affidavit adds $352.00 for inspections and other property preservation fees, and arrives at a total amount due and owing through March 25, 2013 of $107,072.78—with interest accruing at the rate of $12.90 per day until the entry of Judgment.

The Court notes that adding the $352.00 in inspection fees to the $106,618.78 total amount due yields $106,970.78. The $102.00 difference relates to the accumulated late charges that Flagstar also seeks to add to the total amount due. (Dkt. No. 19, ¶ 4). The Court finds that the Affidavit satisfies the Court's March 15, 2013 Order by explaining the calculation of the late fees; the difference between late fees indicated in the Complaint and the Motion for Default Judgment; and the charges included in the escrow advances.

On May 25, 2013, Flagstar filed the Amended Motion, in which it amended and renewed its Motion for Default Judgment and submitted a Revised Proposed Default Judgment in which it updated the damages figures submitted in its initial Motion for Default Judgment. (Dkt. No. 22, 22-1). The Amended Motion also requested that language be included in the Judgment allowing Plaintiff to assign any of its rights under the Certificate of Sale to assignees or nominees without notice of any kind. (Dkt. No. 22 at 1).

## **APPLICABLE LEGAL PRINCIPLES**

In an application for an entry of default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor are the extent and amount of damages claimed by a party. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

      (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct.") (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

## ANALYSIS

      Flagstar has satisfied all of the requirements necessary to obtain a default judgment against Haynes and Battiste. It has properly shown that: (1) default was entered against Haynes and Battiste by the Clerk of Court (Dkt. No. 10); (2) Haynes and Battiste have not appeared; (3) neither Haynes nor Battiste is an infant nor an incompetent person (Dkt. No. 13, ¶¶ 8-10); and (4) Haynes and Battiste were validly served with process. (Dkt. Nos. 5, 6). In addition, Flagstar provided copies of two Military Status Reports from the Department of Defense Manpower Data Center showing that Haynes and Battiste are not in the military service as defined in the Servicemember's Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. No. 13-1). Flagstar has also shown with specificity how it calculated the amount of the judgment. (Dkt. No. 19). Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to Flagstar resulting from Haynes' and Battiste's breach of their contractual obligations, together with the

apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. In addition, Defendants Haynes and Battiste's default was a result of their culpable conduct as evidenced by their refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Consequently, default judgment is appropriate.

Accordingly, the Court will grant Flagstar's Amended Motion for Default Judgment, and deny its Motion for Default Judgment as moot.

## CONCLUSION

Flagstar has satisfied the requirements necessary for entry of a default judgment against Charles E. Haynes, Jr. and Thelma Battiste. Accordingly, Plaintiff's Amended Motion for Default Judgment (Dkt. No. 22) will be granted, and its Motion for Default Judgment (Dkt. No. 11) will be denied as moot.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: May 31, 2013                                    _____/s/_____
                                                      WILMA A. LEWIS
                                                      District Judge